**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE ANADARKO BASIN OIL AND GAS   )
LEASE ANTITRUST LITIGATION         )   Case No. CIV-16-209-M
                                   )

## CHESAPEAKE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO MODIFY THE COURT'S MAY 20, 2016 BANKRUPTCY ADMINISTRATIVE CLOSING ORDER

Following SandRidge's bankruptcy filing, the Court entered an order administratively closing this action, but providing that it could be reopened once the bankruptcy proceeding concluded. Plaintiffs now seek permission to proceed against defendants Chesapeake and Ward even before SandRidge emerges from bankruptcy. Plaintiffs' request is unwarranted, would create needless inefficiency, and should be denied.

"It is well settled that the district court has the power . . . to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.")). Here, plaintiffs allege a conspiracy to suppress prices for oil and gas leaseholds between just two entities – SandRidge and Chesapeake. Because of the "automatic stay" provision of the Bankruptcy Code, no party can obtain discovery from SandRidge until it emerges from bankruptcy, 11 U.S.C. § 362, and SandRidge will not be participating in discovery.

Likewise, it would not be able to be heard on various procedural issues that arise while it is still in bankruptcy. Stated otherwise, if this matter proceeds now, much of what occurs may have to be revisited once SandRidge emerges from bankruptcy. Keeping this action on hold while SandRidge works through the bankruptcy proceeding would promote efficiency and conserve the resources of the parties and this Court.

The bankruptcy proceeding, moreover, is moving along briskly, and plaintiffs should be able to reopen this action relatively soon. On May 18, SandRidge filed an "Emergency Motion" in the bankruptcy court seeking accelerated hearing dates for the two most important milestones in the Chapter 11 process – approval of its disclosure statement and reorganization plan.[1] SandRidge explained that it has already entered into a "restructuring support agreement" with its various creditors, and is in a position to get its plan approved "expeditiously."[2] Indeed, in a separate case involving defendant Ward, U.S. District Judge Timothy DeGuisti noted that the "bankruptcy was prearranged based upon an agreement between SandRidge and its major creditors, and is anticipated to be performed on an expedited basis."[3] The bankruptcy court has entered an order setting a hearing date of June 30 for SandRidge's disclosure statement, and a date of August 9 for

---

[1] A Chapter 11 debtor is required to provide a "disclosure statement" that adequately explains its financial affairs so that its creditors can make an informed decision about whether to approve its reorganization plan. The hearings related to a debtor's disclosure statement and reorganization plan allow its creditors to raise concerns and objections before the bankruptcy court ultimately approves the debtor's plan, after which the debtor emerges from Chapter 11.

[2] Ex. 1, SandRidge's Emergency Motion ¶¶ 5-6, *In re SandRidge Energy, Inc.*, S.D. Tex. Bankr. Ct. Case No. 16-324488 (DRJ) (May 18, 2016).

[3] Ex. 2 at 4, Order staying ERISA action against SandRidge and Ward, *Gernandt v. SandRidge Energy, Inc.*, U.S.D.C. W.D. Okla. Case No. CIV-15-834-D (June 7, 2016).

2

its plan confirmation hearing.[4]  Once the plan is confirmed, SandRidge will emerge from Chapter 11 and plaintiffs can reopen this action against all defendants.  That is likely to take place in just a few months.

Given these circumstances, plaintiffs' motion to proceed immediately against Chesapeake and Ward should be denied.  Plaintiffs will be able to reopen this action relatively soon against all defendants.  Proceeding against all defendants simultaneously will avoid duplication of effort and conserve the resources of all parties and the Court.

DATED this 17th day of June, 2016.

>Respectfully submitted,
>
>By /s/ Timothy J. Bomhoff
>Timothy J. Bomhoff, OBA #13172
>McAFEE & TAFT, A Professional Corporation
>10th Floor, Two Leadership Square
>211 North Robinson Ave.
>Oklahoma City, OK  73102-7103
>Phone: (405) 552-2372
>Fax:    (405) 228-7435
>Email: tim.bomhoff@mcafeetaft.com
>
>Bradley S. Keller (admitted *pro hac vice*)
>Paul R. Taylor (admitted *pro hac vice*)
>BYRNES KELLER CROMWELL LLP
>1000 Second Avenue, 38th Floor
>Seattle, WA  98104
>Phone: (206) 622-2000
>Fax:    (206) 622-2522
>Email: bkeller@byrneskeller.com
>           ptaylor@byrneskeller.com
>*Attorneys for Defendants Chesapeake Energy Corporation, Chesapeake Exploration, L.L.C. and Chesapeake Exploration, L.P.*

---

[4] Ex. 3, Scheduling Order, *In re SandRidge Energy* (May 18, 2016).

Case 5:16-cv-00209-M   Document 119   Filed 06/17/16   Page 4 of 4

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2016, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

                                              /s/ Timothy J. Bomhoff