# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SANDRIDGE ENERGY, INC., *et al.*,[1] | § | Case No. 16-32488 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | (Emergency Hearing Requested) |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
## OF AN ORDER SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH
## RESPECT TO THE DEBTORS' DISCLOSURE STATEMENT AND PLAN CONFIRMATION

> THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR MAY 18, 2016, AT 3:00 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: SandRidge Energy, Inc. (4793); 4th Street Properties, LLC (N/A); Black Bayou Exploration, L.L.C. (0561); Braniff Restaurant Holdings, LLC (2453); CEBA Gathering, LLC (6478); CEBA Midstream GP, LLC (0511); CEBA Midstream, LP (7252); Cholla Pipeline, L.P. (5092); Cornhusker Energy, L.L.C. (4609); FAE Holdings 389322R, LLC (N/A); Integra Energy, L.L.C. (7527); Lariat Services, Inc. (0702); MidContinent Resources, LLC (6928); Mistmada Oil Company, Inc. (3032); Piñon Gathering Company, LLC (5943); Sabino Exploration, LLC (1929); Sagebrush Pipeline, LLC (0515); SandRidge CO2, LLC (7903); SandRidge Exploration and Production, LLC (6535); SandRidge Holdings, Inc. (8401); SandRidge Midstream, Inc. (1148); SandRidge Operating Company (1245); SandRidge Realty, LLC (6079); Sierra Madera CO2 Pipeline, LLC (1558); and WTO Gas Gathering Company, LLC (N/A). The location of the Debtors' service address is: 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102.

KE 41678372

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this emergency motion (this "Motion").

### Relief Requested

1. The Debtors respectfully request that the Court enter an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) scheduling dates and deadlines in connection with the approval of the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization for SandRidge Energy, Inc. and its Debtor Affiliates* (the "Disclosure Statement") and the confirmation of the *Joint Chapter 11 Plan of Reorganization for SandRidge Energy, Inc. and its Debtor Affiliates* (the "Plan"); and (b) granting related relief.

### Jurisdiction, Venue, and Procedural Background

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Rule 6A of the *United States Bankruptcy Court for the Southern District of Texas Procedures for Complex Chapter 11 Cases* (the "Complex Case Procedures") and rules 2002(b) and (d), 3016, 3017, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On May 16, 2016 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Julian Bott, Chief Financial Officer of SandRidge Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Bott Declaration").

2

5.  Contemporaneously with this Motion, the Debtors filed their Plan and Disclosure Statement, an important step forward in these chapter 11 cases. As explained in greater detail in the Bott Declaration, on May 11, 2016, following months of hard-fought negotiations, the Debtors entered into a restructuring support agreement (the "RSA") with their first lien lenders, second lien creditors, and unsecured creditors. The restructuring will preserve the Debtors' precious liquidity and optimize the Debtors' balance sheet to position them best for near-term stability and long-term growth.

6.  The Debtors seek to move expeditiously toward approval of the Disclosure Statement and confirmation of the Plan, consistent with the RSA. Not only is that appropriate in light of the broad level of consensus in these chapter 11 cases, it is a necessity. A critical aspect of the Debtors' business, and their future success, is their access to liquidity—liquidity that is diminished every day the Debtors remain in chapter 11. Moreover, the RSA requires it—by way of a covenant requiring that the Debtors have at least $300 million of liquidity upon emergence. To that end, the Debtors have worked with their key constituencies to develop a proposed schedule for approval of the Disclosure Statement and confirmation of the Plan.

7.  More specifically, the key dates and deadlines that the Debtors seek to establish pursuant to the Order are as follows (the dates set forth below, collectively, the "Confirmation Schedule"):

   1.  *June 17, 2016*, at 4:00 p.m., prevailing Central Time, shall be the deadline by which objections to the Disclosure Statement must be filed with the Court and served so as to be *actually received* by the appropriate notice parties (the "Disclosure Statement Objection Deadline").

   2.  *June 29, 2016*, or as soon thereafter as the Debtors may be heard, shall be the date for (a) the hearing for the Court's approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code (the "Disclosure Statement Hearing") and (b) determining (i) which Holders of Claims in the Voting Classes, as defined herein, are entitled to vote to accept or reject the Plan and (ii) whether Claims have been

3

        properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the Holder of a Claim.

3.    *July 6, 2016*, or another date on four business days following the entry of the order approving the Disclosure Statement, shall be the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan.

4.    *August 3, 2016*, at 4:00 p.m., prevailing Central Time, shall be the deadline by which (a) objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "Plan Objection Deadline"), and (b) *all* Ballots must be properly executed, completed, and delivered so that they are *actually received* (the "Voting Deadline") by Prime Clerk LLC, the notice, claims, and solicitation agent retained by the Debtors in the Chapter 11 Cases.

5.    *August 10, 2016*, at [o]:00 a.m., or as soon thereafter as the Debtors may be heard, shall be the date and time for the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing").

8.    Upon entry of the Order, the Debtors will notify parties of these dates in connection with their forthcoming motion for approval of the Disclosure Statement.

### Basis For Relief

**I.    The Court should approve the Disclosure Statement Objection Deadline and the Disclosure Statement Hearing.**

9.    Rule 6A of the Complex Case Procedures states that "if a debtor files a plan of reorganization and disclosure statement before the Initial Finance Hearing, then at the Initial Finance Hearing the Court will set the date for the disclosure statement hearing and related objection deadlines and consider setting a date for the Confirmation hearing and related voting and objection deadlines." Additionally, Bankruptcy Rules 2002(b), 3016, and 3020 provide that parties in interest must receive 28 days' notice of the deadline to file objections and the hearing date to approve the Disclosure Statement and the Plan.

10.    The Debtors filed the Disclosure Statement and Plan on May 18, 2016, prior to the initial finance hearing scheduled for May 18, 2016 (the "First Day Hearing"). Therefore, Rule

6A of the Complex Case Procedures permits the Court, at the First Day Hearing, to set the dates for the Disclosure Statement Hearing. Additionally, the Debtors' proposed Disclosure Statement Objection Deadline of June 17, 2016, and Disclosure Statement Hearing date of June 29, 2016 are both more than 28 days after the First Day Hearing. Therefore, the proposed Disclosure Statement Objection Deadline and Disclosure Statement Hearing date provide parties in interest with sufficient notice of the Disclosure Statement Hearing and time to object to the Disclosure Statement.

II.     **The Court should approve the Voting Deadline, Plan Objection Deadline and the Confirmation Hearing date.**

11.    As stated previously, Bankruptcy Rules 2002(b), 3016, and 3020 provide that parties in interest must receive 28 days' notice of the deadline to file objections and the hearing date to approve the Plan. Following the Disclosure Statement Hearing the Debtors will work to ensure that notice of the Confirmation Hearing is provided by July 6, 2016 at the latest, ensuring 28 days' notice of the Plan Objection Deadline to parties in interest. Therefore, the Debtors' proposed Voting Deadline, Plan Objection Deadline and Confirmation Hearing all provide the appropriate amount of notice under the Bankruptcy Rules.

12.    As set forth in the Bott Declaration, a critical aspect of the Debtors' business, and their future success, is their access to liquidity—liquidity that is diminished every day the Debtors remain in chapter 11. Moreover, the Debtors' restructuring support agreement requires it—by way of a covenant requiring that the Debtors have at least $300 million of liquidity upon emergence. These goals require that these chapter 11 cases proceed with all due expediency to the result that is in the best interests of the Debtors and their creditors.

13.    Keeping these chapter 11 cases on a prolonged timeline is value-destructive. The timely confirmation of the Plan and the Debtors' emergence is paramount to maximizing

recoveries and preserving value for all parties in interest. The Debtors' proposed Confirmation Schedule allows them to exit bankruptcy quickly with a streamlined capital structure and the liquidity necessary to position the Debtors for growth upon emergence. Accordingly, the Court should approve the Debtors' proposed Voting Deadline, Plan Objection Deadline, and Confirmation Hearing date.

### Emergency Consideration

14. In light of the facts and circumstances of these chapter 11 cases, the Debtors respectfully request emergency consideration of this Motion. Approval of the schedule will ensure that the Debtors are able to remain on an efficient and expeditious path toward confirmation that will preserve the global settlement struck in the RSA and best position the Debtors to preserve their liquidity to fund their businesses.

### Notice

15. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility and counsel thereto; (d) the indenture trustee for the Debtors' second lien notes; (e) the indenture trustee for the Debtors' senior unsecured notes; (f) the indenture trustee for the Debtors' convertible unsecured notes; (g) counsel to the ad hoc groups of holders of claims specified in clauses (d) and (e); (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy

Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16.     No prior Motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order and grant the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully Submitted,

Dated: May 18, 2016

*/s/ Zack A. Clement*
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629
Email: zack.clement@icloud.com

- and -

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
steven.serajeddini@kirkland.com

- and -

Christopher Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.marcus@kirkland.com

*Proposed Counsel for the
Debtors and Debtors in Possession*

## Certificate of Service

I certify that on May 18, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Zack A. Clement
One of Counsel