**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

IN RE:   ANADARKO BASIN OIL          )
          AND GAS LEASE               )      Case No. CIV-16-209-M
          ANTITRUST LITIGATION        )

**DEFENDANT TOM L. WARD'S OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE COURT'S
MAY 20, 2016 BANKRUPTCY ADMINISTRATIVE CLOSING ORDER**

Defendant Tom L. Ward, through his undersigned attorney, respectfully submits this Opposition to Plaintiff's Motion to Modify the Court's May 20, 2016 Bankruptcy Administrative Closing Order (Doc. No. 110).  The Court correctly stayed this case until the resolution of the bankruptcy petition filed by Defendant SandRidge Energy, Inc. ("SandRidge") in the federal bankruptcy court for the Southern District of Texas, and plaintiffs' claim that "this litigation can only be stayed as to the SandRidge Defendants and no one else," is flatly wrong.  Plaintiffs ignore the clear weight of law governing bankruptcy stays as well as this Court's inherent power to control its own docket.  This Court should reject plaintiffs' request to reverse course, since it could result in piecemeal litigation, risk harm to SandRidge, and provide for less efficient discovery.

Indeed, earlier this month Judge Russell of the District Court of Stephens County granted Mr. Ward's request to stay in its entirety a nearly identical antitrust case filed in that court.  Journal Entry, *Mallory v. Chesapeake Energy Corp.*, CJ-2016-63R, June 10, 2016 (attached as Exhibit 1).  And every federal judge overseeing other, non-antitrust cases against SandRidge, Mr. Ward, and other defendants has also stayed those cases in their entirety pending resolution of the bankruptcy case.  *See* May 20, 2016 Order, *Duane*

*& Virginia Lanier Trust v. SandRidge Energy, Inc.*, No. CIV-15-634-M (W.D. Okla.) (Doc. No. 73); May 24, 2016 Order, *Elliot v. Ward*, No. CIV-13-102-W (W.D. Okla.) (Doc. No. 391); May 24, 2016 Order, *Glitz v. SandRidge Energy, Inc.*, No. CIV-12-1341-W (W.D. Okla.) (Doc. No. 216); *Gernandt v. SandRidge Energy Inc.*, No. CIV-15-834-D (W.D. Okla.) (Doc. No. 152) ("*Gernandt* Order" (attached as Exhibit 2)); June 14, 2016 Order, *Elliot v. Ward*, No. 16-6014 (10th Cir.).

But even if this Court does not elect to stay the entire case, there are independent reasons that it must stay the case as to Mr. Ward, the former CEO of SandRidge (Pls.' First Am. Class Action Compl. ¶ 9 (Doc. No. 10)).  Mr. Ward's relationship with his former employer, particularly the fact that SandRidge has agreed to indemnify Mr. Ward for fees and damages related to this litigation, and the interwoven legal claims between the two parties, provide compelling reasons to stay this case as to Mr. Ward along with SandRidge.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their initial Complaints against Mr. Ward, SandRidge and Chesapeake in this Court in March and April 2016, and on April 1, 2016 this Court granted defendants until 60 days after the filing of a consolidated complaint in order to answer or otherwise respond to the complaint.  The Court then consolidated the various actions under this docket on April 15, 2016, but the plaintiffs have not yet filed a consolidated complaint.[1]   Doc. No. 38.   On May 16, 2016, SandRidge filed for

---

[1]   Plaintiffs have also filed a motion to extend the deadline for filing a consolidated amended complaint (Doc. No. 111).  Because this case is administratively closed, there is

bankruptcy, notifying this Court of that filing the following day.  Doc. No. 95.  That notice triggered an automatic stay of this case as to SandRidge, 11 U.S.C. § 362(a)(1), and this Court administratively closed the entire case on May 20, 2016 (Doc. No. 105).

## ARGUMENT

Under the Federal Bankruptcy Code, when a party files for bankruptcy, that filing "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy petition], or to recover a claim against the debtor that arose before the [bankruptcy petition]."  11 U.S.C. § 362(a)(1). Plaintiffs claim that "this litigation can only be stayed as to the SandRidge Defendants, and no one else."  Mot. at 2.  But that is not the law.

The bankruptcy stay extends not only to the debtor but also to other entities where "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *F.M. v. Walden*, No. 13-264, 2013 WL 8481607, at *5 (D.N.M. Aug. 6, 2013) (quoting *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994)). The stay should extend to other defendants:  (1) where there is "an indemnity provision between the non-debtor and the debtor"; (2) where there is "the possibility that liability established against the non-debtor would be imputed to the debtor"; (3) where the issues facing the debtor and the non-debtor are "intimately

---

no current deadline to extend, and the request is premature.  As expressed in this brief, Mr. Ward's position is that the case should remain stayed, and he opposes plaintiff's motion to extend the deadline insofar as it would result in any action inconsistent with a stay of this case pending SandRidge's bankruptcy.

intertwined"; (4) where denying the stay could lead to inconsistent results; (5) where the debtor would be "the real party in interest" even in an action against the non-debtor; or (6) where "considerations of judicial economy" support doing so. *Walden*, 2013 WL 8481607, at *5.

The relationship between Mr. Ward and his former employer, and the interwoven claims between the two, indicate that this case must be stayed in its entirety or, at a minimum, as to SandRidge and Mr. Ward. First, an Indemnification Agreement between Mr. Ward and SandRidge requires SandRidge to indemnify Mr. Ward for all judgments against him for any action taken while acting as SandRidge's officer. 11 U.S.C. § 362 is meant to "give[] the debtor a breathing spell from his creditors" and to provide "creditor protection." *See, e.g.*, *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (quoting H.R. Rep. No. 95-595, at 340 (1977)). But here, any judgment against Mr. Ward in this case would be payable by SandRidge, and permitting the case to move forward against Mr. Ward would risk incurring additional debts against SandRidge during the course of its bankruptcy. Indeed, Judge DeGiusti of the Western District of Oklahoma found the existence of this Indemnification Agreement to be persuasive in his decision to stay a pending federal case where both Mr. Ward and SandRidge were named as defendants. *See* Exhibit 2, *Gernandt* Order at 4. This Court also can avoid any potential prejudice to SandRidge caused by the Indemnification Agreement with Mr. Ward by extending the stay to Mr. Ward. *See In re Jefferson Cty., Ala.*, 491 B.R. 277, 289 (N.D. Ala. 2013) (requiring extension of automatic bankruptcy stay to third parties where there is "the 'possibility' of a right of indemnification").

4

Second, a finding of liability as to Mr. Ward would almost certainly be imputed to SandRidge.  "Artificial entities such as corporations may act only through their agents." *Braswell v. United States*, 487 U.S. 99, 110 (1988); *see also In re Dole Food Co., Inc. Stockholder Litig.*, 110 A.3d 1257, 1262 (Del. Ch. 2015) ("[T]he knowledge and actions of a corporation's human decision-makers and agents may be imputed to it.").  Should this case return to the Court after SandRidge emerges from bankruptcy, plaintiffs will surely argue that they have nothing left to prove against SandRidge if they can establish that its former CEO, while acting in the course of his duties as a CEO and while binding SandRidge to any agreements, engaged in a conspiracy that violated the antitrust laws. Refusing to stay the case as to Mr. Ward could therefore bind SandRidge to a judgment against Mr. Ward without permitting it the opportunity to present its defense.

Indeed, because of the former employment relationship between Mr. Ward and SandRidge the legal claims against SandRidge and Mr. Ward are "intimately intertwined" and cannot be separated through a stay of only one party.  The court in *Walden* confronted this situation where plaintiff brought suit against both the doctor who allegedly sexually assaulted inmates and against the operator of the correctional facilities that employed the doctor.  When the doctor filed for bankruptcy, the court recognized that it could only find the employer liable based on the actions of the employee:  "[i]n other words, the only way the non-debtor Defendants could possibly be liable is if [the debtor defendant] is first found liable."  *Walden*, 2013 WL 8481607, at *5.  Thus, the issues facing the debtor and non-debtor defendants were "intimately intertwined" and it was appropriate for the court to enter a complete stay of the case.

The court in *Abrams v. Integrated Pro Services, LLC*, No. 07-8426, 2015 WL 7458604 (E.D. La. Nov. 24, 2015), reached the same conclusion.  In that case, the plaintiff previously co-owned the defendant LLC along with the two individual defendants.  He sued the defendants for breach of fiduciary duty arising out of his separation from the LLC, and one of the other owner-defendants subsequently declared bankruptcy.  The court found that because the "claims by and against [the debtor] are inextricably interwoven with the claims by and against his non-debtor co-defendants," "an extension of the automatic stay to all co-defendants is the most sensible option in this case." *Id.* at *4.

The relationship between Mr. Ward and SandRidge compels the same result here.  There is no substantive distinction between the allegations against Mr. Ward and those against SandRidge.  It will be impossible to proceed with the claims against the individual without also addressing the claims against the corporation, and this further supports granting the stay as to Mr. Ward.  As Judge DeGiusti explained in his decision, "there is a significant overlap of factual allegations against SandRidge and the non-debtor defendants, as well as potential indemnification obligations owed by SandRidge to at least one non-debtor defendant, such that the interests of SandRidge and the non-debtors are practically identical."  Exhibit 2, *Gernandt* Order at 4.

Moreover, considerations of judicial economy support extending the stay to Mr. Ward.  Discovery in this case necessarily will require SandRidge's participation even while SandRidge's ability to defend the case is stayed through its bankruptcy.  Mr. Ward is no longer employed at SandRidge and all documents relating to his employment at

SandRidge remain within SandRidge's possession, custody, and control.  Proceeding to discovery while the case is stayed as to SandRidge has the potential to unnecessarily complicate and extend discovery given that SandRidge's attention and resources will understandably be divided between forums.   And requiring the remaining parties to proceed with discovery while the case is stayed as to SandRidge may result in duplicative discovery.  As one example, should SandRidge return to the case after the bankruptcy proceedings conclude, "any depositions taken without [the debtor's] participation may have to be re-conducted."  *Walden*, 2013 WL 8481607, at *6.  Both parties and third parties may have to produce individuals for deposition on multiple occasions so that SandRidge is not prejudiced in its ability to put on a defense if the stay ultimately is lifted as to it.  In order to avoid the potential for unnecessarily burdening third parties to the litigation, and to permit discovery to proceed along the most efficient path, this Court should stay the case until SandRidge emerges from bankruptcy.

Finally, SandRidge's May 16, 2016 Press Release notes that the bankruptcy is prearranged based upon agreement with its major creditors.  SandRidge Energy, Inc., SandRidge Files "Pre-Arranged" Reorganization Under Chapter 11 (May 16, 2016) http://investors.sandridgeenergy.com/investor-relations/press-releases/default.aspx.   In that Press Release, SandRidge's current CEO James Bennett noted that he "look[s] forward to completing this next phase of the process quickly with minimal disruption to our business."  Given the possibility of a limited delay, proceeding with the litigation against Mr. Ward creates unnecessary risks without providing meaningful benefits.

Instead, the benefits of certainty favor a stay of the case pending the resolution of SandRidge's expedited bankruptcy process.

Plaintiffs' case law is irrelevant.   It simply states that under ordinary circumstances the automatic stay extends solely to the bankrupt party.   But it does not hold that this stay *cannot* extend to co-defendants, either pursuant to the operation of the statute or through the court's discretion.   To the contrary, the more recent of plaintiffs' two Tenth Circuit precedents explicitly approves of extending the bankruptcy stay in certain circumstances.   *See Okla. Federated Gold & Numismatics v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994).   Thus, this Court's decision to stay the case entirely is fully consistent with Tenth Circuit precedent and is fully supported by the numerous cases cited above.   Additionally, the Court of course retains its "broad discretion to stay proceedings as an incident to its power to control its own docket."   *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (affirming district court's ability to exercise its inherent discretion to stay proceedings).   The same reasons supporting an extension of the automatic stay likewise support staying the case pursuant to this Court's inherent power, and plaintiff's case law does not address this independent source of authority for this Court to act.

## CONCLUSION

For the foregoing reasons, Defendant Tom L. Ward respectfully requests that this Court deny plaintiffs' motion and allow the stay to continue in this case, or in the alternative, allow the stay of plaintiffs' claims to continue against him, pending the resolution of SandRidge's bankruptcy proceedings.

Dated: June 17, 2016                    Respectfully submitted,


                                        s/ George S. Corbyn, Jr.
                                        George S. Corbyn, Jr., OBA #1910
                                        **CORBYN HAMPTON BARGHOLS PIERCE, PLLC**
                                        211 N. Robinson Avenue, Suite 1910
                                        One Leadership Square
                                        Oklahoma City, Oklahoma 73102
                                        Telephone: (405) 239-7055
                                        Facsimile: (405) 702-4348
                                        gcorbyn@corbynhampton.com

                                        ***Attorney for Defendant Tom L. Ward***

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 17, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record.

<u>s/ George S. Corbyn, Jr.</u>
George S. Corbyn, Jr.