# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE ANADARKO BASIN OIL AND GAS LEASE ANTITRUST LITIGATION | Case No.: 16-cv-209-HE |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into this 30th day of August, 2018 (the "Execution Date"), by and between defendants Chesapeake Energy Corporation, Chesapeake Exploration, L.L.C. (collectively, "Chesapeake"), and Tom L. Ward, and their affiliates (collectively, "Defendants") and plaintiffs Edward Clark, Inc., Curtis Crandall, Amy Herzog, Mahony-Killian, Inc., Ida Powers, and Brian Thieme (collectively, "Plaintiffs"), individually and on behalf of a Settlement Class (defined below), who are parties to litigation consolidated in *In re Anadarko Basin Oil and Gas Lease Antitrust Litigation*, Case No. 16-cv-209-HE (W.D. Okla.).

WHEREAS, Plaintiffs are prosecuting the above-captioned action (the "Class Action") on their own behalf and on behalf of a proposed class against Defendants;

WHEREAS, Plaintiffs allege, among other things, that Defendants and alleged co-conspirators SandRidge Energy, Inc. and SandRidge Exploration and Production, L.L.C. ("SandRidge") participated in an unlawful conspiracy to fix, stabilize, and artificially suppress prices paid to Plaintiffs and the other members of the Settlement Class for leasehold interests and producing properties in the Mississippi Lime Play area of the Anadarko Basin Region between December 27, 2007 and April 1, 2013, in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

WHEREAS, Defendants deny Plaintiffs' allegations and maintain that they have meritorious defenses to Plaintiffs' claims in the Class Action;

WHEREAS, Defendants have concluded, despite their belief that they are not liable for the claims asserted and their belief that they have good defenses thereto, that they will enter into this Settlement Agreement to avoid the further time and expense and risks associated with continued litigation, and to put to rest with finality all claims that have been or could have been asserted against them as more particularly stated below;

WHEREAS, Plaintiffs have thoroughly analyzed the facts and the law regarding the Class Action and have concluded that a settlement with Defendants according to the terms set forth below is in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, arm's-length settlement negotiations, overseen and assisted by a retired federal judge, have taken place between counsel for Plaintiffs and counsel for Defendants, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Settlement Class, has been reached as a result of the parties' negotiations, subject to approval of the Court;

1

WHEREAS, Plaintiffs, on behalf of themselves and the Settlement Class Members (defined below), and Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of the truth of any of Plaintiffs' claims or allegations in the above-captioned Actions or any other actions;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby stipulated and agreed by and among the undersigned that the Class Action be settled, compromised and dismissed on the merits with prejudice as to the Releasees, subject to the approval of the Court, on the following terms and conditions:

<u>Definitions</u>

The following terms, as used in this Settlement Agreement, have the following meanings:

1.  "Settlement Class" means all persons and entities who sold, leased or otherwise assigned or transferred to Chesapeake or SandRidge, or any of their respective predecessors, subsidiaries, agents (such as landmen) or affiliates, mineral rights and/or working interests on lands within the Mississippi Lime Play, at any time between December 27, 2007 and April 1, 2013.  For purposes of this Settlement Class, the Mississippi Lime Play includes all depths and formations within the Oklahoma counties of Alfalfa, Blaine, Creek, Dewey, Ellis, Garfield, Grant, Harper, Kay, Kingfisher, Logan, Lincoln, Major, Noble, Osage, Pawnee, Payne, Tulsa, Washington, Woods, and Woodward, and the Kansas counties of Barber, Butler, Chase, Chautauqua, Cheyenne, Clark, Coffey, Comanche, Cowley, Dickinson, Edwards, Elk, Finney, Ford, Gove, Grant, Gray, Greenwood, Harper, Harvey, Haskell, Hodgeman, Kearny, Kingman, Kiowa, Lane, Logan, Lyon, Marion, McPherson, Meade, Montgomery, Morris, Ness, Pawnee, Pratt, Rawlins, Reno, Rice, Rush, Saline, Scott, Sedgwick, Seward, Sheridan, Sherman, Stafford, Stevens, Sumner, Thomas, Trego, Wallace, Wichita, Wilson, and Woodson.  Excluded from the Class are Defendants, SandRidge, any parent, subsidiary, agent or affiliate thereof, their officers, directors, employees, and immediate families, federal and state governmental entities and instrumentalities of federal and state governments, and any individuals or entities from whom Chesapeake has already settled.

2.  "Class Action" shall mean the above-captioned action and all cases consolidated therein, as well as all actions brought under state law, including *Koppitz v. Chesapeake Energy Corporation et al.* (originally filed as Case No. CJ-16-26, Woods Co.) and *Mallory v. Chesapeake Energy Corp. et al.* (originally filed as Case No. CJ-16-63R, Stephens Co.).

3.  "Settlement Class Counsel" shall refer to Warren T. Burns of Burns Charest LLP; Terrell W. Oxford of Susman Godfrey LLP; Christopher J. Cormier of Cohen Milstein Sellers & Toll PLLC; and Todd M. Schneider of Schneider Wallace Cottrell Konecky Wotkyns, LLP.

4.  "Settlement Class Member" means each member of the Settlement Class who has not timely and validly elected to be excluded from the Settlement Class.

5.  "Settlement Class Representatives" or "Plaintiffs" means Edward Clark, Inc., Curtis Crandall, Amy Herzog, Mahony-Killian, Inc., Ida Powers, and Brian Thieme.

6.  "Defendants" means Chesapeake Energy Corporation, Chesapeake Exploration, L.L.C., and Tom L. Ward, and their affiliates.

2

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

8. "Effective Date" shall mean the expiration of the time for appeal or to seek permission to appeal from the Court's final approval of the Settlement Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken.

9. "Escrow Account" shall mean an interest-bearing account designated and directed by Settlement Class Counsel that will be established for purposes of Defendants paying or causing to be deposited the Settlement Amount.

10. "Escrow Agreement" shall mean an agreement to establish and administer an escrow account that is mutually agreeable to the parties.

11. "Released Claims" means those claims released pursuant to Paragraph 23 of this Settlement Agreement.

12. "Releasees" shall refer jointly and severally, individually and collectively to Chesapeake Energy Corporation, Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., SandRidge Exploration and Production, L.L.C., and Tom L. Ward and their past and present, direct and indirect, parents, subsidiaries, affiliates, officers, directors, employees, agents (including, but not limited to, brokers and landmen), attorneys, financial and business advisors, consultants, trusts, trustees, partners or general or limited partnerships, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents (including, but not limited to brokers and landmen), attorneys, financial and business advisors, consultants, trusts, trustees, partners or general or limited partnerships, servants, and representatives), and the predecessors, successors, heirs, spouses, family members, estates executors, administrators, insurers, and assigns of each of the foregoing.

13. "Releasors" shall refer jointly and severally, individually and collectively to Plaintiffs, the Class Members, and their respective past and present, direct and indirect, parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

14. "Settlement Amount" means the amount set forth in Paragraph 24 below.

15. "Settlement Fund" shall mean the Settlement Amount and any interest earned on that amount.

### Approval of this Settlement Agreement and Dismissal of the Class Action

16. Plaintiffs and Defendants shall use their best efforts to effectuate this Settlement Agreement and shall cooperate to promptly seek and obtain the Court's preliminary and final approvals of this

3

Settlement Agreement (including providing class notice under Federal Rule of Civil Procedure 23(c) and (e)) and to secure the prompt, complete and final dismissal with prejudice of the Class Action as to Defendants consistent with the procedures set forth herein.

17.     Solely for purposes of effectuating this Settlement Agreement, Defendants consent to the certification of the Settlement Class defined herein, to the appointment of Plaintiffs as Settlement Class Representatives, and to the appointment of Settlement Class Counsel.

18.     On or before September 4, 2018, in accordance with the Administrative Closing Order filed by the Court on April 17, 2018 (Dkt. No. 205) and subsequent extensions (Dkt. No. 215), Plaintiffs shall submit to the Court a motion (to which Defendants shall have the opportunity to review and approve and thereafter to which they shall not object) requesting entry of an Order preliminarily approving the Settlement Agreement, appointing Settlement Class Counsel for purposes of this Settlement, certifying a Settlement Class for purposes of this Settlement, and authorizing dissemination of notice to the Settlement Class (the "Motion"), as well as a stay of all proceedings against Defendants except those proceedings provided for or required by this Settlement Agreement. The Motion shall include the proposed form of, method of, and timetable for dissemination of notice to the Settlement Class.

19.     Defendants shall cause notice of the Settlement Agreement to be served upon appropriate state and federal officials to the extent and in the manner required by the Class Action Fairness Act, 28 U.S.C. § 1715.

20.     Subject to Defendants' review and approval, which shall not be unreasonably withheld, Plaintiffs shall seek, and Defendants shall not object to, entry of a final judgment order (copy of which is attached):

   a.   Certifying the Settlement Class described in Paragraph 1, pursuant to Rule 23, solely for purposes of this settlement as the Settlement Class for the Class Action;

   b.   approving finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

   c.   directing that, as to Defendants, the Class Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

   d.   reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement; and

   e.   finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Defendants shall be final and entered forthwith.

21.     This Settlement Agreement shall become final only upon: (a) the entry by the Court of a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure together with entry of a final judgment dismissing the Class Action and all claims therein against Defendants on the merits with prejudice as to all Settlement Class Members (the "Final Judgment"),

4

and (b) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

22.   Defendants shall pay or cause to be deposited the Settlement Amount of $6,950,000.00 into the Escrow Account pursuant to Paragraph 24.

## Release and Discharge

23.   In addition to the effect of any final judgment entered in accordance with this Settlement Agreement upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount specified in Paragraph 24 of this Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, relating in any way to any alleged conduct by Releasees and/or any joint and several liability arising from the alleged conduct of any of the Defendants in the Class Action from the beginning of time until the Effective Date that could have been brought under any federal or state antitrust, unfair competition, unfair practices, fraud, racketeering, price discrimination, unjust enrichment, unitary pricing or trade practice law concerning Defendants' leasing practices in the Mississippi Lime Play (the "Released Claims"). The Released Claims include all claims asserted or which could have been asserted in the Class Action relating to or arising out of the facts, occurrences, transactions, or other matters alleged or otherwise raised during the proceedings by Plaintiffs and/or Defendants in the above-captioned actions.  However, nothing herein shall release unrelated claims arising in the ordinary course of business relating to, for example, breach of contract, personal injury, property damage or diminution in property value.  The Releasors covenant and agree that they, and each of them, shall not, after the Effective Date of this Settlement Agreement, assert any claim or commence or continue any proceeding seeking to recover against any of the Releasees for any of the Released Claims.

## Payment

24.   Subject to the provisions hereof, and in full, complete, and final settlement of the Class Action as provided herein, Defendants agree to pay the Plaintiffs, on behalf of the Settlement Class Members, the Settlement Amount of Six Million, Nine Hundred and Fifty Thousand Dollars ($6,950,000.00). Each Defendant will only be liable for its agreed amount. Defendants are not jointly and severally liable for the whole payment. Within 15 days after the Court's preliminary approval of the Settlement Agreement, or the provision by the Plaintiffs to Defendants of the account number, account name and wiring or mailing information for the Escrow Account, whichever is later, Defendants shall pay the Settlement Amount into the Escrow Account, which amount shall be available immediately thereafter for reimbursement of such costs, fees, and expenses directly associated with the provision of notice to the members of the Settlement Class pursuant to Paragraph 29 hereof as may be approved by the Court.

25.    Upon the direction of Settlement Class Counsel, and prior to final approval by the Court of the Settlement, all costs of providing notice to the Settlement Class and settlement fund administration will be paid out of the Escrow Account, subject to prior approval by Defendants which will not be unreasonably withheld.

26.    In the event the Settlement Agreement is not approved, is rescinded or otherwise fails to become effective or final, all payments that have been made in connection with providing notice to the Settlement Class and settlement fund administration out of the Escrow Account with prior approval from Defendants pursuant to Paragraph 25 need not be refunded to Defendants.

27.    To authorized Settlement Class member claimants, Settlement Class Counsel shall have sole discretion to propose a plan of allocation to the Court, subject to approval by Defendants, which will not be unreasonably withheld, and no funds remaining in the Escrow Account shall revert to Defendants.

The Settlement Fund

28.    Each Settlement Class Member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all claims released by the Releasors pursuant to Paragraph 23 herein. Except as provided by order of the Court, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

29.    Before the Effective Date, disbursements for expenses directly associated with providing notice of the settlement to the Settlement Class, expenses associated with administering the settlement, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Settlement Agreement may be made from the Settlement Fund, and such amounts shall not be refundable to Defendants in the event the Settlement Agreement is disapproved, rescinded, or otherwise fails to become effective.

30.    This Settlement Fund shall be invested in United States Government Treasury obligations or United States Treasury Money Market funds, provided, however, that such portions of the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Settlement Class and administering the Settlement Fund may be deposited in a federally insured bank account. All interest earned by the Settlement Fund shall become and remain part of the Settlement Fund.

31.    Defendants shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, except as otherwise provided in this Settlement Agreement.

32.    After the Effective Date, the Settlement Fund shall be distributed in accordance with a plan that Settlement Class Counsel shall provide to Defendants for approval, which approval shall not be unreasonably withheld, and shall submit at the appropriate time for approval by the Court and as approved by the Court.

33.    Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees; past, current, or future litigation expenses (including, but not limited to, experts' and consultants' fees and expenses); the

6

costs of giving notice of this settlement to the Settlement Class; and any incentive awards to the Settlement Class Representatives, subject to application to and approval of the Court.

34. Defendants agrees to take no position with respect to any application to the Court by Settlement Class Counsel for an award of attorneys' fees, and reimbursement of costs and expenses incurred in the prosecution of this Class Action, or for any application to the Court for approval of incentive awards to the Settlement Class Representatives, or for the allocation or distribution of the Settlement Amount.

35. Apart from the Defendants' payment described in Paragraph 24 of this Settlement Agreement, Defendants shall have no responsibility whatsoever for the allocation or distribution of the Settlement Amount and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards. Further, apart from the payment described in Paragraph 24 of this Settlement Agreement, Defendants shall not be liable for any additional payments to the Settlement Class Members or Settlement Class Counsel pursuant to this Settlement Agreement.

36. Defendants agree not to object, subject to any Order of the Court, to any motion seeking the payment to Settlement Class Counsel of approved attorneys' fees, costs, and expenses within ten (10) business days after entry of the Final Judgment (as defined in Paragraph 20 herein) and any order awarding attorneys' fees, costs, and expenses. Disbursement of such fees, costs, and expenses shall not be delayed by reason of any appeal of the Final Judgment; provided, however, if the Court's award of fees, costs, and expenses is vacated, reversed, or reduced as a result of an appeal, Settlement Class Counsel shall within ten (10) business days after receiving written notice from the Court or from Defendants of such vacatur, reversal, or reduction, make a refund to the Escrow Account in the amount of such vacatur, reversal, or reduction with interest, and further provided that if Plaintiffs or Defendants elect to rescind the Settlement Agreement as described in Paragraph 37 below, Settlement Class Counsel shall within ten (10) business days after giving notice to or receiving notice from Defendants of such rescission, make a refund to the Escrow Account in the amount of any such fees, costs, and expenses with interest. The interest rate applicable to any refund made to the Escrow Account pursuant to this Paragraph shall be the same interest rate earned by the United States Government Treasury obligations or United States Treasury Money Market funds during the period between the payment of approved attorneys' fees, costs, and expenses and any such refund.

## Rescission

37. If the Court declines, preliminarily or otherwise, to approve this Settlement Agreement or any part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment, or if the Court enters the Final Judgment and order and appellate review is sought and, on such review, such Final Judgment is not affirmed, then Defendants and the Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement, and any and all amounts constituting the Settlement Fund (including, but not limited to, any fees, costs, and/or expenses advanced to Settlement Class Counsel pursuant to Paragraph 36 above) shall be returned forthwith to Defendants, except for any disbursements made or incurred in accordance with Paragraph 29 of this Settlement Agreement. The Escrow Agent shall disburse the Settlement Fund to Defendants in accordance with this Paragraph within fifteen (15) business days after receipt of either (i) written notice signed by counsel for Defendants and Settlement Class Counsel stating that this Settlement Agreement has been canceled or terminated, or (ii) any order of the Court so directing.

If the Settlement Agreement is rescinded, canceled, or terminated pursuant to this Paragraph, any obligations pursuant to this Settlement Agreement (other than disbursement of the Settlement Fund to Defendants as set forth above) shall cease immediately. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment, and shall not give rise to any option to rescind this Agreement under this Paragraph.

38. The parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in the Class Action, and evidence thereof shall not be admissible, discoverable or used directly or indirectly in any way in the Class Action or in any other action or proceeding (except an action to enforce or interpret the terms of the Settlement Agreement). The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

39. Defendants, in their sole discretion, shall have the option to terminate this Settlement Agreement upon the occurrence of the condition relating to opt-out lessors and landowners—excepting anyone with whom Chesapeake has settled regarding the conduct alleged in the Class Action, as listed in Attachment A—set forth in a confidential side letter executed between Settlement Class Counsel and counsel for Defendants.

40. Within seven (7) calendar days after the end of the period to request exclusion from the Settlement Class established by the Court and set forth in the notice, Settlement Class Counsel shall provide Defendants, through their counsel, with a written list of all lessors and landowners requesting exclusion from the Settlement Class ("Opt-Outs"), and the acreage associated with each. Within seven (7) calendar days of the written list of all Opt-Outs being provided, Settlement Class Counsel and Defendants will then ascertain whether the condition relating to Opt-Outs as set forth in the confidential side letter referenced above has been triggered. Any or all Defendants shall have the right to rescind this Settlement Agreement by providing written notice to Settlement Class Counsel within seven (7) calendar days after the deadline for ascertaining whether this condition has been triggered. Within seven (7) calendar days of receiving such notice, Settlement Class Counsel shall provide Defendants with any challenges by Plaintiffs to such claim of entitlement to rescind this Settlement Agreement. If Settlement Class Counsel, within the time allotted for them to present their challenge to any Defendants' attempted withdrawal, provide Defendants with one or more written notices from Opt-Outs to rescind their requests for exclusion from the Settlement Class, then those prior Opt-Outs shall no longer be considered an Opt-Out for purposes of this Paragraph. In the event the partiers are unable to agree upon whether the condition stated in the confidential side letter has been triggered, they shall submit the issue to the (Ret.) Hon. Michael Burrage for adjudication. Settlement Class Counsel may attempt to obtain final rescission of any decision by an Opt-Out to request exclusion prior to Defendants invoking their rights under this Paragraph. Neither Plaintiffs nor Defendants, or their respective counsel, shall solicit or advise potential members of the Settlement Class to request exclusion from the Settlement Class. If contacted by potential members of the Settlement Class about opting-out of the Class, Defendants promptly will refer such potential members of the Settlement Class to Settlement Class Counsel.

## Taxes

41.    Settlement Class Counsel shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable or net taxable income earned by the Settlement Fund. Further, Settlement Class Counsel shall be solely responsible for directing the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. Defendants shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Defendants. Other than as specifically set forth herein, Defendants shall have no responsibility for the payment of taxes or tax expenses. If for any reason, for any period of time, Defendants are required to pay taxes on income earned by the Escrow Account, the Escrow Agent shall, upon written instructions from Defendants with notice to Settlement Class Counsel, timely pay to Defendants sufficient funds to enable it to pay all taxes (state, federal, or other) on income earned by the Escrow Account.

42.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Claims Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)).

43.    The parties to this Settlement Agreement and their counsel shall treat, and shall cause the Claims Administrator to treat, the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The parties, their counsel, the Claims Administrator, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Account in such manner. In addition, the Claims Administrator and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(i)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

## Miscellaneous

44.    This Settlement Agreement does not settle or compromise any claim other than the Released Claims against the Releasees.

45.    Plaintiffs waive California Civil Code Section 1542 and similar provisions in other states. Plaintiffs certify that they are aware of and have read and reviewed the following provisions of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of provisions of Section

1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Plaintiffs hereby expressly waive and relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above.

46.    This Settlement Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Defendants pertaining to the settlement of the Class Actions against Defendants only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Defendants in connection therewith. This Settlement Agreement may be modified or amended only by a writing executed by Settlement Class Counsel and Defendants' counsel and approved by the Court.

47.    All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of Oklahoma without regard to its choice of law or conflict of law principles.

48.    The United States District Court for the Western District of Oklahoma retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement.

49.    This Agreement shall be binding upon and inure to the benefit of, the successors and assigns of the Settlement Class and Defendants. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than entities and persons which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

50.    Neither Plaintiffs or Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

51.    This Settlement Agreement may be executed in counterparts by Plaintiffs and Defendants, and a facsimile signature or a tangible communication from one authorized to sign indicating that a signature has been affixed shall be deemed an original signature for purposes of executing this Settlement Agreement.

52.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

53.    All notices made under this Settlement Agreement shall be in writing. Each such notice shall be given by (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express, UPS, or similar overnight courier, and shall be addressed to counsel listed below or to their partners or successors, as appropriate. Copies of all notices under this Settlement Agreement shall also be transmitted by e-mail to those same counsel.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives (subject to the limitations described above), have agreed to this Settlement Agreement as of the date first herein written above.

_Warren T. Burns /cx_

Warren T. Burns
Daniel H. Charest
Will Thompson
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75201
Tel: (469) 904-4550
wburns@burnscharest.com
dcharest@burnscharest.com
wthompson@burnscharest.com

Christopher J. Cormier
COHEN MILSTEIN SELLERS &
TOLL, PLLC
5290 Denver Tech Center Parkway
Greenwood Village, Colorado 80111
Tel: (720) 630-2092
ccormier@cohenmilstein.com

Richard A. Koffman
Robert W. Cobbs
COHEN MILSTEIN SELLERS &
TOLL, PLLC
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005 Tel: (202) 408-
4600
rkoffman@cohenmilstein.com
rcobbs@cohenmilstein.com

Terrell W. Oxford
Shawn Raymond
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
toxford@susmangodfrey.com

William C. Carmody
Arun Subramanian
SUSMAN GODFREY LLP
560 Lexington Avenue, 5th Floor
New York, NY 1002-6828
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com

Todd M. Schneider
Jason Kim
Kyle G. Bates
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
TSchneider@schneiderwallace.com
jkim@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Co-Lead Counsel for the Proposed Class*

Paul R. Taylor
Bradley S. Keller
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Phone: (206) 622-2000

Steven M. Bauer
Margaret A. Tough
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Fax: (206) 622-2522
bkeller@byrneskeller.com
ptaylor@byrneskeller.com

James Webb
Executive VP-General Counsel & Corporate
Secretary
Chesapeake Energy Corporation

*Counsel for Defendants, Chesapeake*
*Energy Corporation, Chesapeake*
*Exploration, L.L.C. and Chesapeake*
*Exploration, L.P.*

steven.bauer@lw.com
margaret.tough@lw.com

Allyson M. Maltas
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com

*Counsel for Defendant Tom L. Ward*

Paul R. Taylor (admitted pro hac vice)
Bradley S. Keller (admitted pro hac vice)
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Phone: (206) 622-2000
Fax: (206) 622-2522 bkeller@byrneskeller.com
ptaylor@byrneskeller.com

*Counsel for Defendants, Chesapeake
Energy Corporation, Chesapeake
Exploration, L.L.C. and Chesapeake
Exploration, L.P.*

Steven M. Bauer (Pro Hac Vice)
Margaret A. Tough (Pro Hac Vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
steven.bauer@lw.com
margaret.tough@lw.com

Allyson M. Maltas (Pro Hac Vice)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com

*Counsel for Defendant Tom L. Ward*

Fax: (206) 622-2522
bkeller@byrneskeller.com
ptaylor@byrneskeller.com

James Webb
Executive VP-General Counsel & Corporate
Secretary
Chesapeake Energy Corporation

***Counsel for Defendants, Chesapeake
Energy Corporation, Chesapeake
Exploration, L.L.C. and Chesapeake
Exploration, L.P.***

steven.bauer@lw.com
margaret.tough@lw.com

Allyson M. Maltas
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com

***Counsel for Defendant Tom L. Ward***

## Attachment A

1. Kaiser-Francis Oil Co.

2. Avalon Exploration, Inc.

3. EOG Resources

4. Primexx Energy Partners

5. Kirkpatrick Oil Co.

6. Steven Redgate

7. Dell Wood

8. Deneen Dryden

9. Wesley Weichman

10. City of Waynoka

11. The 108 small landowners and entities residing in the City of Waynoka to whom Chesapeake sent settlement checks that have been cashed:

ALLEN SCOTT & ROBIN N KYSAR
ALLEZ R JAMISON
ANASTASIA & JESUS N HERNANDEZ
ANITA KAY SCHWAKE
ARCHIE T MCCRAY
ARTHA BETH WILSON
BAR-B INC
BEADLES INC
BILL A & CHARLENE K BIXLER JT
BOARD OF CO COMMS OF WOODS CO
BRUCE KOEHN
CARLSON & NINA STEWART
CATHOLIC ARCHDIOCESE OF OKC
CECIL LEE & DOROTHY M KRAGH
CHARLES A FERRELL
DACOMA FARMERS COOP
DAL INC
DARLENE M INMAN
DARRELL & MELINDA WALKER
DAVID L & TAMMY S HAWKINS
DEAN SPENCER EST DEANNA ABSTON PR
DORA JEAN WATT 1992 REV TRUST
DORIS A HUFFORD
DUSTIN J & DEBRA K RANKIN
EARLE & LAVERNE METCALF
ELMER R AND DOROTHY L ROSS
EVERETTE & LOUISE WHITNEY

F CLARK & KAREN BLISS
FERRELL OIL CO LLC
FIRST BAPTIST CHURCH
FRANK W & REBECCA S MARSHALL
GARY D DYKE
GARY HOOFNEGLE
GARY L KRAGH
GERALD & ESTHER REDGATE LIV TR
GWENDOLYNNE & WILLIAM W MASON
HELEN L MCCABE
HOWARD J & JANICE E EARHART
JACK & DONNA GILBERT
JACK B & NORMA J KELSEY REV TR
JAMES L & THELMA M SECREST
JANE E AKIN
JEREMEY & KARA DURKEE
JERRY LEE DENNIS
JOHN D SMILEY
JOHN T & MERINDA S HOLT
JOSEPH M HOMMERTZHEIM & CHRISTIANA
KEITH & DANA M CAMERON
KENNETH & KIMBERLEE VENDETTI
KEVIN L POLLOCK
KURT DOUGLAS KLEIN
KYSAR FAMILY TRUST DTD 4-24-06
L ALLEN WHIPPLE
LAJAN K TAYLOR

13

LANAS LONG
LANAS LONG
LARRY C & JANET S SMITH
LARRY MARK KYSAR
LAURA FERGUSON
LEONARD D & DARLENE J SMITH
LINDA K DENNIS
LOIS L BEALE
LORA ELIZABETH MEYER
LORENE M STOW
LORINE BRADFORD
MARK & KIMBERLY NICKELSON
MAURICE W & DIANA K BAKER
MAX A & DEBRA D REDGATE
MAX E & LINDA SUE HOFEN
MICHAEL C & DEBORAH K WHIPPLE
MS INVESTMENTS INC
NUR N & JAMILA BADSHAH
PAUL DEAN WOLTZ
PAULINE A BECKWITH LIVING TRUST
PHYLLIS CHIPMAN
PHYLLIS MARIE KUTZ
PIONEER TELEPHONE COOP INC
REX E BIXLER TRUST NO 1
RHONDA BRIDWELL
ROB & PATTI GASKILL
ROBERT LEE & SHERRY WRIGHT
RODNEY A KUTZ
ROY G & REGINA R WILSON
RUSSELL & ALICE JOHNSTON
SANDRA GLEYRE
SHARLOTTE Y BOLAR
SHARON G SIMS
SHARON G SIMS AS POA DAMON A SIMS
SILVIA CRUZ GALLO
SISLEY CORPORATION
SONYA S CUMMINS
STEVE HALTOM
STEVEN J VALENCIA
STEVIE COHLMIA TAYLOR GAYLA
    CHOLMIA
SUSAN R HAMAND
THE FIRST METHODIST EPISCOPAL
TOM J & SHANNON TREECE
VELDON WOOLLEY
VERNON L HAYS
WAYNOKA HOUSING AUTHORITY
WAYNOKA INDEPENDENT SCHOOL
WAYNOKA MASONIC LODGE NO 422
WAYNOKA MENTAL HEALTH AUTHORITY
WAYNOKA PROJECT FOUNDATION
WHITNEY FAMILY REV LIVING TR
WILBERT & DEBRA HAYES
WILLIAM B WILSON
WOOLLEY FAMILY LIVING TRUST

14