## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE ANADARKO BASIN OIL AND
GAS LEASE ANTITRUST LITIGATION

Case No. CIV-16-209-HE

## FINAL JUDGMENT AND ORDER
## GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
## ACTION SETTLEMENT WITH CHESAPEAKE ENERGY CORP.,
## CHESAPEAKE EXPLORATION, L.L.C., AND TOM L. WARD

Before the court is plaintiffs' motion for final approval of the class action settlement. Plaintiffs, on behalf of themselves and of the proposed settlement class (the "Class") and Defendants—Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., and Tom L. Ward—have agreed, subject to court approval following notice to the Class and a hearing, to settle the above-captioned matter ("Action") upon the terms set forth in the Settlement Agreement [Doc. #220-2].   The court has reviewed and considered the Settlement Agreement entered into among the parties, together with the exhibits thereto, the record in this case, and the briefs and arguments of counsel.   Based on those submissions, and in the absence of any objections to the proposed settlement, the court finds and concludes as follows:

1.      The court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., and Tom L. Ward, and any party to any agreement that is part of or related to the Settlement Agreement. Plaintiffs have brought claims against

Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., and Tom L. Ward under 15 U.S.C. § 1. Jurisdiction lies in this court pursuant to 15 U.S.C. § 4 and 28 U.S.C. § 1331.

2.     This Judgment shall apply to Plaintiffs, Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., Tom L. Ward, and Class Members who did not file with the court valid and timely requests for exclusion from the Settlement Agreement.

3.     Federal Rule of Civil Procedure 23(e)(2) requires the court to determine whether the proposed Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174 (10th Cir. 2016) To assess whether a settlement is fair, reasonable and adequate, the Tenth Circuit identifies four factors that the trial court should consider:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Fager*, 854 F.3d at 1174; *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002): *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

4.     The court concludes the Settlement Agreement is fair, adequate, and reasonable in light of the factors above.

5.     The proposed settlement was fairly and honestly negotiated. The proposed settlement was agreed to after Class Counsel conducted legal research and discovery regarding the strengths and weaknesses of the Class Representatives' and the Class'

claims. The proposed settlement resulted from extensive arm's-length negotiations, including two full-day mediations.

6.      Questions of law and fact exist, placing the ultimate outcome of the litigation in doubt. Absent settlement, the Plaintiffs would have had to overcome the legal complexity inherent in antitrust cases and the evidentiary problems common to proving a conspiracy. "[T]he presence of such doubt tips the balance in favor of settlement because 'settlement creates a certainty of some recovery[] and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation.'" *Childs v. Unified Life Ins. Co.*, 10-CV-23-PJC, 2011 WL 6016486, at *13 (N.D. Okla. Dec. 2, 2011) (quoting *In re Qwest Commc'ns Int'l, Inc.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009)).

7.      The value of immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. The common Settlement Fund negotiated by Class Counsel consists of a cash payment of $6,950,000.00 and represents an efficient resolution of the case before the deadline for class certification and dispositive motions. Litigating this complex antitrust class action through trial would have required a substantial amount of time and resources expended by Plaintiffs, Defendants, and the court. This Settlement avoids that uncertainty, delay, and expense, and ensures recovery for the Class as soon as possible, guaranteeing a beneficial result and bringing final closure to their claims.

8.      The parties believe that the settlement is fair and reasonable. Plaintiffs and the Defendants are represented by competent, experienced, and sophisticated counsel, all of whom favor settlement.

9.     In light of the above, the court concludes the Settlement Agreement is fair, adequate, and reasonable. The court further concludes that the Settlement Agreement is in the best interests of the Settlement Class and that notice thereof comports with the Federal Rules of Civil Procedure and due process. The court further finds that the Settlement Agreement was the result of arm's-length negotiations between experienced counsel representing the best interests of the Class and the Defendants. Accordingly, the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with their terms and provisions.

10.     The court concludes the Settlement Class should be certified for the purposes of this settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Settlement Class is certified for settlement purposes only. Because this case has been settled at this stage of the proceedings, the court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class certified by agreement for settlement purposes could have ever been certified in this case for litigation purposes.

11.     The certified Settlement Class is defined as follows:

All persons and entities who sold, leased or otherwise assigned or transferred to Chesapeake or SandRidge, or any of their respective predecessors, subsidiaries, agents (such as landmen) or affiliates, mineral rights and/or working interests on lands within the Mississippi Lime Play, at any time between December 27, 2007 and April 1, 2013. For purposes of this Settlement Class, the Mississippi Lime Play includes all depths and formations within the Oklahoma counties of Alfalfa, Blaine, Creek, Dewey, Ellis, Garfield, Grant, Harper, Kay, Kingfisher, Logan, Lincoln, Major, Noble, Osage, Pawnee, Payne, Tulsa, Washington, Woods, and Woodward, and the Kansas counties of Barber, Butler, Chase, Chautauqua, Cheyenne, Clark, Coffey, Comanche, Cowley, Dickinson, Edwards, Elk, Finney, Ford,

4

Gove, Grant, Gray, Greenwood, Harper, Harvey, Haskell, Hodgeman, Kearny, Kingman, Kiowa, Lane, Logan, Lyon, Marion, McPherson, Meade, Montgomery, Morris, Ness, Pawnee, Pratt, Rawlins, Reno, Rice, Rush, Saline, Scott, Sedgwick, Seward, Sheridan, Sherman, Stafford, Stevens, Sumner, Thomas, Trego, Wallace, Wichita, Wilson, and Woodson.

Excluded from the Class are Defendants, SandRidge, any parent, subsidiary, agent or affiliate thereof, their officers, directors, employees, and immediate families, federal and state governmental entities and instrumentalities of federal and state governments, and any individuals or entities with whom Chesapeake has already settled.

12.     The court finds the above-defined Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

a.     <u>Numerosity</u>. Defendants have demonstrated "[t]he class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(l). There is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams,* 455 F.3d 1 155, 1162 (10th Cir. 2006). Whether a class satisfies the numerosity requirement is "a fact-specific inquiry." *In re Cox Enters., Inc.,* No. 12-ML-2048-C, 2014 U.S. Dist. LEXIS 2459, *13 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo,* 455 F.3d at 1162). District courts have "wide latitude" in resolving that issue. *Id*. Here, the Settlement Class consists of thousands of lessors. Therefore, the court concludes the numerosity prerequisite is met.

b.     <u>Commonality</u>. Defendants have also demonstrated, considering the fact the litigation will be settled instead of proceeding to trial, "[t]here are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

c.     Typicality. Defendants have also shown, that the claims or defenses of the representative parties are sufficiently typical of the claims or defenses of the class to satisfy the typicality requirement for settlement purposes.  Fed. R. Civ. P. 23(a)(3).

d.     Adequacy. Defendants and Defendants' Counsel have, in the present settlement context, demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

13.    The court also concludes the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

a.     Predominance. Taking into account the fact the litigation is being resolved by settlement rather than trial, Class Representatives have shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

b.     Superiority. Class Representatives have also established in the present settlement context "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

14.    In sum, the court concludes that all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied for purposes of certifying a class for settlement purposes, and the Class is hereby certified for settlement purposes only.

15.    The Plan of Allocation is fair, reasonable, and adequate. The Settlement Fund, net of any attorney's fees, expenses, or incentive awards approved by the court,

will be distributed *pro rata* among all members of the Settlement Class who submit valid and timely claim forms based on the proportion a Class Member's bonus payments bears to the total value of the bonus payments submitted by all Class Members who submit valid claims. In addition, there will be no reversion of funds back to the Defendants. Plaintiffs are directed to cause the Settlement Funds to be distributed in accordance with the Plan of Allocation as soon as practicable after the **June 24, 2019**, deadline to submit a proof of claim.

16.     Neither this Final Judgment nor the Settlement Agreement shall be used or construed by any person as an admission of liability by Defendants to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by Defendants, or be deemed evidence of the truth of any of the claims or allegations contained in the Consolidated Class Action Complaint. Neither this Final Judgment nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Final Judgment or Defendants in connection with any action asserting Released Claims.

17.     Subject to the retention of jurisdiction referenced hereafter, the Plaintiffs' and the Class's claims in the Consolidated Class Action Complaint are dismissed against Defendants with prejudice, with each side to bear its own costs and attorney's fees except as provided by the Settlement Agreement and this court's Orders. Class members who did not file with the court valid and timely requests for exclusion from the Settlement

Class are barred from further prosecution of the Released Claims, and the Released Parties are released and forever discharged from liability for the Released Claims.

18.     This court finds that this Final Judgment adjudicates all the claims, rights, and liabilities of the Parties, and is final and shall be immediately appealable.

19.     The court retains jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment.

20.     This court concludes, pursuant to Federal Rules of Civil Procedure 54(a) and (b), that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment. Accordingly, the Clerk is hereby directed to enter Judgment immediately pursuant to Federal Rules of Civil Procedure 54.

**IT IS SO ORDERED**.

Dated this 25th day of April, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE