# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE ANADARKO BASIN OIL AND GAS LEASE ANTITRUST LITIGATION | Case No. CIV-16-209-HE |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD

This matter comes before the court on Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards. The court has considered (1) the Settlement Agreement, dated August 30, 2018 [Doc. #220-2]; (b) the court's December 18, 2018, Preliminary Approval Order [Doc. #231]; (c) Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards [Doc. #237] and supporting documents; and (d) the Declaration of Warren T. Burns on Behalf of Class Counsel in Support of Plaintiffs' Motion for Final Approval of Class Settlement and Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards [Doc. #238-1] and related exhibits. Additionally, on April 25, 2019, the court held a Fairness Hearing regarding the parties' Settlement Agreement. Upon considering all of the submissions and arguments with respect to the Settlement, and upon full information and for good cause shown the court finds and concludes as follows:

1.  Upon review of the record, the court concludes that Class Counsel's requested award of attorneys' fees in the amount of one-third of the $6.95 million cash value of the Settlement (the "Settlement Fund") after deduction of expenses and incentive

awards, $2,316,666.67, is within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

2. The percentage-of-recovery method of calculating attorneys' fee awards is appropriate in this action. *See, e.g., In re Sandridge Energy, Inc.*, 2015 WL 11921422, at *2 (W.D. Okla. Dec. 22, 2015), *aff'd sub nom. In re SandRidge Energy, Inc.*, 875 F.3d 1297 (10th Cir. 2017); *Shaw v. Interthinx, Inc.*, 2015 WL 1867861, at *5 (D. Colo. Apr. 22, 2015).

3. The relevant factors used to determine whether a common fund fee is reasonable, as articulated by the Tenth Circuit in *Johnson v. Georgia Hwy. Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), support a conclusion that the requested fee is reasonable. These factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee. . . ; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Brown v. Phillips Petroleum Co.,* 838 F.2d 451, 454-55 (10th Cir. 1988) (citing *Johnson*, 488 F.2d at 717-19).

4. The time and labor spent by Class Counsel support the requested fee award. This action has spanned three years and has required Counsel to engage in motion practice, substantial fact discovery, expert analysis, multiple days of mediation, and

ongoing arms-length settlement negotiations. Counsel filed motions and pleadings, conducted and defended depositions, interviewed witnesses, reviewed millions of pages of documents, and served and responded to numerous requests for written and documentary discovery. *See* [Doc. #238-1] at ¶ 25. The time and effort spent by Class Counsel on this matter was both substantial and appropriate in light of the circumstances of this case.

5. The fee's reasonableness is further illustrated by a lodestar crosscheck, which indicates that Plaintiffs' requested fee award represents a negative multiplier on Class Counsel's lodestar amount. *See* [Doc. #28-1] at ¶ 30. Accordingly, this factor supports the requested award in the amount of one-third of the Settlement Fund.

6. This matter included numerous factual and legal challenges, requiring Class Counsel to exercise skill and expertise to effectively pursue Plaintiffs' claims on behalf of the Class. By their nature, conspiracies such as that alleged by Plaintiffs are difficult to prove. *See, e.g., Hamilton v. Arnold*, 29 F. App'x 614, 616 (1st Cir. 2002) (observing "the *sine qua non* of a conspiracy, the agreement, is exceedingly difficult to prove directly"). The specific facts of this case, which left Plaintiffs with only circumstantial evidence of Defendants' alleged conspiracy, made that particularly true.

7. Plaintiff faced significant evidentiary challenges had this matter proceeded to class certification, summary judgment, and ultimately, trial. These included an alleged co-conspirator's failure to maintain an electronic database containing information at the heart of Plaintiffs' claims; that same co-conspirator's bankruptcy, which removed that

alleged co-conspirator from the case and made it more difficult for Plaintiffs to obtain documents and testimony; and the death of Defendant Chesapeake's CEO and founder, who was a central figure in Plaintiffs' allegations. A number of potential Class members with strong claims against Defendants entered into individual settlements and releases with Defendants, creating additional evidentiary hurdles.

8. Defendant Chesapeake's admission to a limited number of anticompetitive agreements in response to an investigation by the Department of Justice created a further challenge for the prosecution of Plaintiffs' claims. Having admitted to ten isolated anticompetitive transactions, Chesapeake maintained its wrongdoing was limited to solely the ten agreements uncovered in the DOJ investigation, and that no broader wrongdoing occurred and no broader class-wide injury exists. *See, e.g.,* [Doc. #181] at ¶¶ 1-4.

9. All of the forgoing circumstances posed difficulties requiring the skill of counsel and created risk for the Class.

10. Additionally, Class Counsel took on significant risk by accepting this case on a purely contingent basis. The risk of litigating on a contingent basis further supports the requested fee. *Lucas v. Kmart Corp.*, 2006 WL 2729260, at *6 (D. Colo. July 27, 2006) ("Given the risk of non-recovery, this factor weighs heavily in favor of the requested fee.")

11. The customary fees awarded in common fund class actions in this Circuit support Plaintiffs' requested fee in the amount of one-third of the common fund: In the

Tenth Circuit, a "contingency fee of one-third is relatively standard in lawsuits that settle before trial." *Lewis v. Wal-Mart Stores, Inc.,* No. 02-CV-0944 CVE FHM, 2006 WL 3505851, at *1 (N.D. Okla. Dec. 4, 2006).

12. Under the parties' Settlement Agreement, Defendants will pay $6,950,000 to the Class. The immediate certainty and finality of settlement is, itself, a benefit to the Class. *See Childs v. Unified Life Ins. Co.*, 2011 WL 6016486, at *13 (N.D. Okla. Dec. 2, 2011) ("The class . . . is better off receiving compensation now as opposed to being compensated, if at all, several years down the line, after the matter is certified, tried, and all appeals are exhausted.").

13. Following dissemination of notice to more than 13,000 potential class members, no member has objected to the settlement and only one has opted out of the Class as of the date of the hearing. [Doc. #238-1] at ¶ 22. This further demonstrates the reasonableness of the Settlement and of Class Counsel's fee award. *See In re Crocs, Inc. Sec. Litig.*, 2014 WL 4670886, at *5 (D. Colo. Sept. 18, 2014) (lack of objections weighs in favor of requested award); *Anderson v. Merit Energy Co.*, 2009 WL 3378526, at *4 (D. Colo. Oct. 20, 2009) (same).

14. On December 18, 2018, the Court granted preliminary approval of the Settlement, certified the Class for purposes of settlement, and appointed Burns Charest LLP, Cohen Milstein Sellers & Toll PLLC, Susman Godfrey LLP, and Schneider Wallace Cottrell Konecky Wotkyns, LLP (collectively, "Co-Lead Counsel") as Class Counsel for the Settlement Class. Each of these firms has significant experience and is well-respected in the fields of antitrust and class action litigation. *See* [Doc. #238-1] at ¶

27; Other experienced antitrust firms, acting under the direction of Class Counsel, have also served as counsel for the Class. This factor further supports the requested fee award.

15. Accordingly, the relevant *Johnson* factors counsel in favor of Class Counsel's fee request, amounting to one-third of the Settlement Fund.

16. Both the Long-Form and the Short-Form Notices indicated that Class Counsel would seek a fee award of up to one-third of the Settlement amount in addition to reimbursement of costs and expenses. [Doc. #234-2]; [Doc. #234-5].

17. The court concludes that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted, as the expenses incurred are reasonable and proper for a case of this type.

18. Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $326,591.33 is **GRANTED**.

19. The court concludes that Class Counsel's request for incentive awards of $10,000 for each of the six Class Representatives—Edward Clark, Inc., Curtis Crandall, Amy Herzog, Mahony-Killian, Inc. ("Mahony-Killian"), Ida Powers, and Brian Thieme—is appropriate. *See* 5 NEWBERG ON CLASS ACTIONS § 17:1 (5th ed.) ("At the conclusion of a class action, the class representatives are eligible for a special payment in recognition of their service to the class."); *Lachney v. Target Corp.*, No. CIV-03-1685-HE, 2010 WL 11509187, at *2 (W.D. Okla. Sept. 16, 2010) (incentive awards to class representatives "encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal

time spent advancing the litigation on behalf of the class and for any personal risk they undertook.").

20. Each Class Representative expended time and effort to facilitate classwide resolution of Plaintiffs' claims: They searched for, collected, and provided documents in discovery, propounded interrogatory responses, and sat for interviews with Counsel. [Doc. #238-1] at ¶ 45. Mahony-Killian, Ida Powers, and Brian Thieme each additionally prepared and sat for depositions, and the remaining Class Representatives were in the process of scheduling depositions when the Settlement was reached. *Id.*.

21. The $10,000 incentive awards accord with the amounts typically awarded in common fund class action cases. *See, e.g., Fankhouser v. XTO Energy, Inc.*, 2012 WL 4867715, at *3 (W.D. Okla. Oct. 12, 2012) (granting incentive awards up to $40,000); *McNeely v. Nat'l Mobile Health Care, LLC,* 2008 WL 4816510, at *16 (W.D. Okla. Oct. 27, 2008) (preliminarily approving $15,000 incentive award). Accordingly, Class Counsel's request for incentive awards of $10,000 for each of the six Class Representatives is **GRANTED**.

22. Based on the foregoing findings and conclusions, Plaintiffs' Motion for Award of Attorney Fees, Reimbursement of Expenses, and Approval of Incentive Awards [Doc. #237] is **GRANTED** as stated above.

**IT IS SO ORDERED**.

Dated this 25th day of April, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE